**AFFIRM; and Opinion issued April 5, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01196-CR

## CHRISTOPHER LELAND LEE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court No. 10
Dallas County, Texas
Trial Court Cause No. MA09-22461-L**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and Lewis
Opinion by Justice O'Neill

Christopher Leland Lee appeals his conviction for assault involving family violence. In a single issue, appellant contends the evidence is legally insufficient to support his conviction. We affirm the trial court's judgment. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

FACTS

Appellant waived a jury and pleaded not guilty to assault involving family violence. During the hearing, Julia Hubbard testified appellant was a "jealous and very controlling" person and that she was afraid of him because he was a former police officer. Hubbard testified she and appellant dated and lived together in 2009. Appellant paid all the bills and required Hubbard to put any money she made waitressing at clubs into his bank account. Hubbard moved out of appellant's apartment in September 2009. At that time, appellant had agreed to allow Hubbard to continue using a car he purchased as long as she made payments to him. On October 6, 2009, Hubbard went to appellant's apartment while he was at work and retrieved most of her belongings. Later that day, she learned her car was gone. While reporting the car missing to the police, she told an officer about the arrangements with appellant for use of the car and that she was afraid of appellant because he had been very abuse. When the officer asked Hubbard for details and dates, Hubbard stated on May 2, 2009, she and appellant argued while driving home from an "after-hours club where you have to bring your own bottle." When they arrived in the parking garage at the apartment, she walked toward the elevator without waiting for appellant. Appellant threw a bottle of Vodka at her, hitting her hip and cutting her foot from the shattered glass. Hubbard testified she bled and has a scar from the assault. She did not call the police because she was afraid of appellant.

Appellant denied he assaulted Hubbard. Appellant testified the May incident never happened, and their relationship deteriorated due to her "being caught lying, untruths." Appellant said Hubbard never handed over her money to him, she had access to his debit and credit cards while they were together, and he was surprised when Hubbard moved out because he was at work and she took some of his belongings with her. On October 6, 2009, appellant called

-2-

a tow service and had them tow the car because Hubbard had missed three payments. Prior to having the car towed, appellant called Hubbard and asked for the payments, but she replied, "you're not getting anything." Appellant testified that Hubbard said if he paid her $500 cash, she would "dismiss the case." Appellant gave Hubbard the $500. Appellant contacted Hubbard when the case was not dismissed and she asked for more money.

During cross-examination, appellant admitted he sometimes went to after-hours clubs with Hubbard and they usually took their own alcohol. Appellant testified he would never throw a bottle of Vodka at Hubbard. He did not recall whether he went to an after-hours club with her on May 2, 2009 or whether they argued that day.

The trial court found appellant guilty and assessed punishment at 150 days' confinement in the county jail, probated for twelve months, and a $350 fine.

## APPLICABLE LAW

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894–95 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

The State was required to prove beyond a reasonable doubt that appellant intentionally, knowingly, or recklessly caused bodily injury to Julia Mayer by striking her torso with a bottle and by cutting her feet with broken glass. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011). "Bodily injury" means physical pain, illness, or any impairment of physical condition. *Id.* § 1.07(a)(8) (West Supp. 2012). The State also was required to prove beyond a reasonable

doubt that appellant had a dating relationship with Mayer and she was a member of appellant's family and household. *See* TEX. FAM. CODE ANN. §§ 71.0021, 71.005 (West 2008 & Supp. 2012).

## DISCUSSION

Appellant contends the evidence is legally insufficient because (1) Mayer never told the police about the alleged assault until after appellant repossessed his vehicle from her; (2) Mayer's testimony was unbelievable; (3) Mayer told appellant she would dismiss the case if he gave her $500, but she demanded more money after appellant gave her $500; and (4) Mayer waited until October 2009 to make the complaint about an assault that allegedly occurred in May 2009. The State responds that there is sufficient evidence to support appellant's conviction for family-violence assault.

Conflicting evidence was presented at trial. Hubbard testified that appellant assaulted her by hitting her with a Vodka bottle and cutting her foot from the shattered glass. Hubbard said she bled and had a scar from the assault. Appellant testified the incident never occurred and that he would never throw a bottle at Hubbard. It was the trial judge's role, as the fact-finder in this case, to reconcile any conflicts in the evidence. *See Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). The trial judge was free to accept or reject any and all of the evidence presented by either side. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have found beyond a reasonable doubt that appellant committed assault involving family violence. *Lucio*, 351 S.W.3d at 894–95; *Brooks*, 323 S.W.3d at 895. Thus, the evidence is sufficient to support the conviction. We resolve appellant's sole issue against him.

We affirm the trial court's judgment.


MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121196F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER LELAND LEE,
Appellant

No. 05-12-01196-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the County Criminal Court
No. 10 of Dallas County, Texas (Tr.Ct.No.
MA09-22461-L.
Opinion delivered by Justice O'Neill,
Justices Moseley and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered April 5, 2013.

MICHAEL J. O'NEILL
JUSTICE